

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DOMINIQUE THOMAS,

        Plaintiff,

v.                                   Civil Action No. 1:15-cv-1628 JCC/MSN

EXPERIAN INFORMATION SOLUTIONS, INC.

Serve:  David N. Anthony, Registered Agent
         1001 Haxall Point
         Richmond, VA 23219

        Defendant

## COMPLAINT

COMES NOW the Plaintiff, DOMINIQUE THOMAS, ("Plaintiff"), by counsel, and for her Complaint against the Defendant, she allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Experian, one of the "Big 3" consumer reporting agencies, has a long history of consumer complaints and lawsuits alleging (and establishing) that it unreasonably mixed the credit files and information of one consumer with the credit reports of another consumer.

3. In this case, representative of numerous others, Experian combined or mixed the credit files of the Plaintiff with a complete stranger, which resulted in the publication of inaccurate and derogatory information in Plaintiff's credit file. Accordingly, Plaintiff alleges claims against Experian under the FCRA, 15 U.S.C. § 1681e(b) for its failure to reasonably ensure the maximum possible accuracy of her credit reports.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

5. Venue is proper in this District and Division because a substantial part of the events and omissions giving rise to the claim occurred in this District and Division

## PARTIES

6. Plaintiff is a natural person and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. On or around August 27, 2015, Plaintiff applied for a car loan with Arlington Community Federal Credit Union, who obtained a copy of Plaintiff's credit report from Experian.

11. After it obtained her report, Arlington Community Federal Credit Union informed Plaintiff that a collection account originating from Verizon was reporting on her credit report. To

that end, Arlington Community Federal Credit Union indicated it would not provide a car loan to Plaintiff unless she agreed to pay a very high interest rate.

12. Experian's reporting of the account was inaccurate—the account belonged to another person name Dominque Thomas, who is a male and does not share any person identifying information with Plaintiff other than name.

13. Nevertheless, Experian included this information in Plaintiff's credit report due to its lax threshold designed to over-include information in consumer reports.

14. These derogatory and mismatched sets of credit information severely reduced the Plaintiff's credit scores.

15. Experian has substantial notice and knowledge of the "mixed file" problems and failures of its business procedures and systems.

16. As early as 1991, the Federal Trade Commission ("FTC") brought an enforcement action against Experian [formerly TRW, Inc.] in the United States District Court for the Northern District of Texas. *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991). In settling the enforcement action brought by the AGs, Experian agreed to make the following practice changes:

> 1. ***Maintain reasonable procedures to prevent the occurrence or reoccurrence of Mixed Files,***[1] including but not limited to:
>
> a. Continuing its current efforts to improve its information gathering, storing, and generating systems ***to reduce the occurrence of Mixed Files***, through modification of its software system to enable such system to accommodate and

---

[1] Mixed File is defined in the Consent Order as a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report. *Id.* at 362.

3

use, for matching and identification purposes, a Consumer's Full Identifying Information;[2] and

b. Not later than July 31, 1992, implementing and utilizing changes to its system designed to prevent, to the extent it reasonably can, the reoccurrence of Mixed Files, once known;

…

iv. Employing reasonable procedures designed specifically *to reinvestigate disputes from Consumers that result from Mixed Files*.

…

For the five (5) year period following the entry of [the Consent Order], [Experian] shall measure, monitor, and test the extent to which changes in [Experian's] computer system, including its algorithms, reduce the incidence of Mixed Files.

*FTC*, 784 F. Supp., 362-364 (N.D. Texas 1991).

17. Similarly, another enforcement action was brought against Experian by nineteen state attorneys general that resulted in a similar consent order as described in the previous paragraphs, including the procedures related to the prevention of mixed files and procedures to reinvestigate disputes resulting from mixed files. *See TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991).

18. Despite the consent orders with the FTC and the Attorneys General, Experian's computer system causes these mixes because it does not require or use full identifying information for a potential credit grantor's inquiry even when unique identifiers such as a full social security number are present. It does this in order to sell more credit reports.

19. Experian knows that their computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file".

---

[2] Full Identifying Information is defined in the Consent Order as full last and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number. *Id.*

4

20. Experian has been sued repeatedly for failing to prevent mixed consumer files. *See, e.g., Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Information Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian*, et al., Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001).

21. Experian knowingly chooses to ignore these notices of its mixed file problems. It does so even though it already possesses a simple, easy and inexpensive means to correct and avoid the problem.

22. Despite these lawsuits, Experian has not significantly modified its procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

23. Upon information and belief, Experian has not, and does not intend, to modify its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

24. Accordingly, Experian's violation of 15 U.S.C. § 1681e(b) was willful and Experian is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

25. Experian's failure to modify its procedures caused substantial harm to the Plaintiff.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Violation of 15 U.S.C. § 1681e(b))

26. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

27. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

28. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to damage to her credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

29. Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

30. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**DOMINIQUE THOMAS**

By: _____
Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*